J-S48015-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee, | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY PRESTON HODGE, | : | |
| | : | |
| Appellant | : | No. 1793 MDA 2013 |

Appeal from the Judgment of Sentence September 3, 2013,
Court of Common Pleas, Cumberland County,
Criminal Division at No. CP-21-CR-0002515-2012

BEFORE:  DONOHUE, JENKINS and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED AUGUST 01, 2014**

Anthony Preston Hodge ("Hodge") appeals from the judgment of sentence imposed following his convictions of persons not to possess firearms and recklessly endangering another person.[1]  We affirm.

We summarize the facts underlying Hodge's convictions as follows.  On the night of August 24, 2012, Brandon Stains, Adrian Rodriguez and Edward West went to Fast Eddie's, a bar in Carlisle, where they observed Stains' girlfriend, Jessica Keck, with her ex-boyfriend, Jeff Vogt.  Vogt and Keck were at the bar with Hodge.  Stains confronted Keck, and then he and his friends left the bar.  The three men briefly visited another bar and then returned to Stains' home.

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 2705.

*Retired Senior Judge assigned to the Superior Court.

Shortly after arriving home, Stains began to receive text messages from Keck's phone number, but sent from Vogt, challenging him to a fight in a nearby park. When Stains' friends refused to drive him to the park, he began to walk there. In an effort to head off any trouble, Rodriguez and West got into their car, followed Stains and tried to talk him out of the fight. Stains would not listen to his friends, and so Rodriguez and West drove to the park, where they found Vogt, Keck and Hodge in Vogt's car. Again, Rodriguez and West tried to deescalate the situation by talking to Vogt. Both cars then left the park before Stains could arrive. While driving away, however, Vogt passed Stains and then turned around and drove back toward him. Vogt and Strains briefly exchanged words before Stains punched Vogt through Vogt's driver-side window and a fight ensued. Hodge, who had been in the back seat of Vogt's car, exited the car with a gun in his hands and fired two shots toward Stains. Stains and Vogt continued to fight, at which time Hodge hit Stains about the head and face with his handgun. Keck, who was sitting in the passenger seat, exited the vehicle and ran away upon hearing gunshots. Rodriguez and West, who were present but seated in West's car, also fled upon hearing gunshots. When Rodriguez and West observed Vogt's car leaving the vicinity, they returned and collected Stains, who was bleeding heavily. They ultimately took him to the hospital where he was found to have a broken nose and chipped front teeth, among other injuries, and he received multiple stitches in his scalp and nose. As a result

of his injuries, Stains now suffers from breathing problems. We also note that during trial, the parties stipulated that Hodge has a previous conviction that prohibited him from possessing a firearm.

The jury acquitted Hodge on a number of charges but found him guilty of the above-mentioned crimes. The trial court sentenced him to three and a half to seven years of imprisonment on the persons not to possess firearms conviction and six to 24 months of imprisonment on the recklessly endangering another person conviction. This timely appeal followed, in which Hodge presents the following two issues for our review:

> 1. Was the evidence presented, at trial, sufficient to convict [Hodge] of person not to possess, use, manufacture, control, sell or transfer Firearms?
>
> 2. Was the evidence presented, at trial, sufficient to convict [Hodge] of recklessly endangering another person?

Appellant's Brief at 5. In support of each of these claims, Hodge argues only that there were "inconsistencies" in the testimony of the Commonwealth's witnesses that render the evidence insufficient to support his convictions. Appellant's Brief at 10-13. This argument goes to the credibility of the witnesses' testimony. Such arguments challenge the weight, rather than the sufficiency, of the evidence. ***Commonwealth v. Gibbs***, 981 A.2d 274, 282 (Pa. Super. 2009). As Hodge did not include challenges to the weight of the evidence, as to either of his convictions, in his statement of questions involved, he has waived these arguments for purposes of appeal. ***See***

Pa.R.A.P. 2116(a); ***Commonwealth v. Bryant***, 57 A.3d 191, 196 n.7 (Pa. Super. 2012) (noting that claims are waived for failure to include them in the statement of the questions involved). Furthermore, the "[f]ailure to challenge the weight of the evidence presented at trial in an oral or written motion prior to sentencing or in a post-sentence motion will result in waiver of the claim." ***Bryant***, 57 A.3d at 196. The record reveals that Hodge did not challenge the weight of the evidence in an oral or written motion at any time before the trial court; accordingly, even if Hodge had included challenges to the weight of the evidence supporting his convictions in his statement of questions involved, they still would be waived.

Judgment of sentence affirmed.

Platt, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2014